UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WELLMAN, #441682,

      Petitioner,

                                  CASE NO. 2:09-CV-13678
v.                                   HONORABLE PATRICK J. DUGGAN

LLOYD RAPELJE,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION TO STAY HABEAS PETITION

Michigan prisoner Michael Wellman ("Petitioner") has filed a petition for a writ of habeas case pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner is challenging his conviction for first-degree child abuse in violation of Michigan Compiled Laws § 750.136b(2), following a no contest plea in the Clinton County Circuit Court in December 2007. In January 2008, the trial court sentenced Petitioner to a term of imprisonment of 10 to 15 years imprisonment. In his petition, he raises claims concerning sex offender registration, the validity of his plea, the effectiveness of trial counsel, the legality of his arrest, the lack of medical evidence in the case, and his sentencing proceedings. Respondent has filed an answer to the petition contending that it should be denied. The matter is before the Court on Petitioner's motion to stay his habeas petition so that he may return to the state courts and exhaust additional issues concerning the validity of his arrest and extradition warrant, the scoring of offense

variables, the use of a pre-sentence report and victim impact statement at sentencing, the victim's identification, the effectiveness of trial counsel, his eligibility for boot camp, and the application of the two-thirds rule at sentencing. For the reasons stated herein, the Court denies Petitioner's motion.

Petitioner's conviction arises from the sexual assault of his daughter in 2005. Petitioner was on absconder status as of July 2006, but was arrested in Alabama in 2007 and extradited to Michigan. Following his plea and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising several claims, including those contained in his current petition. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Wellman*, No. 285166 (Mich. Ct. App. June 16, 2008) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as claims concerning the extradition warrant and the victim's impact statement. The Michigan Supreme Court remanded the case for correction of the pre-sentence investigation report as agreed by the trial court, but denied leave to appeal in all other respects. *People v. Wellman*, 482 Mich. 1013, 759 N.W.2d 352 (Oct. 15, 2008). On September 16, 2009, this Court received Petitioner's application for habeas relief which Petitioner dated on August 24, 2009. Respondent filed the answer to the petition on March 16, 2010.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct.

1728, 1732 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005). In this case, Petitioner has

not shown the need for a stay. Petitioner's current habeas claims are exhausted and the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses no concern.

The one-year limitations period set forth in § 2244(d) does not begin to run until 90 days after the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, – , 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 332-33, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied Petitioner leave to appeal on October 15, 2008; the time for seeking a writ of certiorari with the United States Supreme Court expired on January 13, 2009. Petitioner dated his federal habeas petition on August 24, 2009. Thus, 223 days of the one-year period had run when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001), such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221, 122 S. Ct. 2134, 2137-38 (2002). Given that 142 days (over 4 months) of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to raise the additional issues in the state courts before seeking federal habeas relief.  The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for a procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court.

## IV.

Accordingly, the Court **DENIES** Petitioner's motion to stay his habeas petition. Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his petition within 30 days of the filing date of this order.  If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**SO ORDERED.**

Dated: February 11, 2011                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Michael Wellman, #441682
Ojibway Correctional Facility
N 5705 Ojibway Road
Marenisco, MI 49947-9771

AAG Raina I. Korbakis